It rests entirely with him to say whether or not he will do so, and the plaintiffs cannot complain if he decides not to resort to the statute. Livermore v. Northrup, 44 N. Y. 107; Best v. Davis, 44 Ill. App. 624; Purdom Naval Stores Co. v. Western Union Tel. Co. (C. C.) 153 Fed. 327; Cannon v. Castleman, 164 Ind. 343, 73 N. E. 689; Maguire v. Heraty, 163 Pa. 381, 30 Atl. 151, 43 Am. St. Rep. 800.

It seems to me, therefore, that the court erred in decreeing specific performance. Such decree compels Ward to violate a contract which he insists upon carrying out, notwithstanding to do so will be to his pecuniary loss. The right of specific performance may be granted or withheld upon a consideration of all the circumstances and in the exercise of judicial discretion. Miles v. Dover Furnace Iron Co., 125 N. Y. 294, 26 N. E. 261; Gotthelf v. Stranahan, 138 N. Y. 345, 34 N. E. 286, 20 L. R. A. 455; McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527. It will never be decreed where it would be inequitable, and it is a matter of no consequence whether the fact that it is inequitable arises from the performance of the contract itself or from circumstances connected with or surrounding it. Stokes v. Stokes, 155 N. Y. 581, 590, 50 N. E. 342, and cases cited.

The view thus taken does not deprive the plaintiffs of the benefit of their contract. They may proceed at law to recover whatever damages they have sustained by reason of Ward's refusal to carry out the contract which he made with them.

It follows the judgment appealed from must be reversed, and a new trial ordered; with costs to appellant to abide event. All concur.

---

PIERCY v. FRANKFORT MARINE ACCIDENT & PLATE GLASS INS. CO. OF FRANKFORT-ON-THE-MAIN.

(Supreme Court, Appellate Division, First Department. February 3, 1911.)

1. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE—AFFIRMATIVE OF ISSUES.

Defendant in an action on an indemnity policy not having admitted that it received due and timely notice of the action, which was a condition precedent to its liability, plaintiff has the burden, so that defendant was properly denied the affirmative on the trial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

2. INSURANCE (§§ 535, 646*)—EMPLOYER'S LIABILITY—ACTION ON CONTRACT—CONDITION PRECEDENT—BURDEN OF PROOF.

Under an indemnity policy providing that it is expressly warranted and agreed that, on the occurrence of an accident, assured shall immediately give notice to the insurer, though the obligation to give notice is erroneously described as a warranty, the giving of due and timely notice is a condition precedent to the insurer's liability, so that, the receipt thereof not being admitted by it, insured has the burden.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. §§ 535, 646.*]

3. INSURANCE (§ 539*)—EMPLOYER'S LIABILITY—DUTY OF LEARNING OF AND REPORTING ACCIDENT.

While a policy indemnifying plaintiff against loss from legal liability for personal injuries from accidents caused by his teams, and providing

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that, on the occurrence of an accident, assured shall immediately give notice thereof to the insurer, requires insured to so regulate his business that he may be apprised with reasonable celerity of any accident that may occur in its conduct, this duty is not absolute, but only requires the exercise of reasonable care to acquire information, and the duty to give notice arises only when assured is apprised of the accident, or would be apprised thereof, had he performed this duty; the knowledge of a driver of a team meeting with an accident not being imputed to him, but he being charged only with the knowledge acquired, or which should have been acquired, by some person representing assured for the purpose of receiving and transmitting such knowledge.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1329; Dec. Dig. § 539.*]

4. INSURANCE (§ 665*)—EMPLOYER'S LIABILITY—FAILURE TO REPORT ACCIDENT —KNOWLEDGE OF ACCIDENT—EVIDENCE.

Evidence, in an action on a policy indemnifying plaintiff against loss from liability for personal injuries from accidents caused by the teams used in his trucking business, *held* insufficient to sustain a verdict for him, on the theory of his foreman not having had knowledge of an accident, so as to excuse failure to give the notice thereof to the insurer, required by the policy.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Henry Clay Piercy against the Frankfort Marine Accident & Plate Glass Insurance Company of Frankfort-on-the-Main. From a judgment for plaintiff after a special verdict, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

William A. Jones, Jr. (Alden S. Crane, on the brief), for appellant.
Reuben Leslie Maynard (Valentine Taylor, on the brief), for respondent.

LAUGHLIN, J. This is an action on an indemnity policy of insurance issued by the defendant on the 24th day of October, 1906, in and by which it agreed to indemnify the plaintiff and Austin Nichols & Co. "as interest may appear" for the term of 12 months beginning on the 17th day of November that year, among other things, against loss arising from legal liability for damages for personal injuries "resulting from any and every accident caused by any of the draught or driving animals or vehicles owned or used by the assured," not exceeding $5,000 in respect to any one person. The plaintiff was engaged in the general trucking business in Brooklyn, and owned a number of teams and wagons which were used in that business. He was also connected with Austin Nichols & Co., one of the assured, engaged in the same business in the borough of Manhattan. On the 23d day of May, 1907, one of his trucks in charge of Frank Lewis, who was employed by him as driver of a team, collided with another truck in one of the public streets of New York, injuring one William A. Rutland, an infant. On the 2d day of October thereafter, an ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion was brought against the plaintiff by Rutland to recover for the damages thus sustained. The plaintiff pursuant to the provisions of the policy gave notice to the defendant of the commencement of the action and called upon it to defend the same, which the defendant did; but it expressly reserved the right to object to the timeliness of the notice. Thereafter a judgment was duly entered in the action against the plaintiff herein for the sum of $4,086.01, but on appeal to this court the judgment was reduced to $2,646.75, and affirmed, and on the 24th day of June, 1908, plaintiff paid the same. This action is brought to recover the amount of the judgment which the plaintiff was obliged to pay, and counsel fees and expenses incurred by the plaintiff in conducting the appeal to this court, on the refusal of the defendant to proceed further with the defense of the action after the rendition of the verdict.

Appellant complains that it was not given the affirmative of the case on the trial. It did not admit that it received due and timely notice of the accident. That was a condition precedent to its liability, and the burden was on the plaintiff. The fact that the obligation to give such notice is erroneously described as a warranty in the policy does not affect the question.

The only other point necessary to consider on the appeal is whether the plaintiff complied with a provision of the policy with respect to giving notice of accidents to the defendant, and whether the special verdict upon which the general verdict was directed, to the effect that the plaintiff's foreman was not informed of the accident in the month of May, 1907, or advised of sufficient circumstances connected therewith to require him to report the occurrence as an accident, is sufficiently sustained by the evidence. The provisions of the policy material to the point presented for decision are as follows:

"It is expressly warranted and agreed: (1) That upon the occurrence of an accident, whether any claim be made in respect thereof or not, the assured shall immediately, and at the latest within ten days, or within the time fixed for giving notices of accident under liability insurance policies by any special law of the state in which this policy is issued, give notice in writing of such accident to the company, addressed to the manager for the United States, at the office of the company in New York, N. Y., or to the duly authorized representative for the locality in which this policy is issued. If thereafter the assured shall receive notice of any claim arising out of an accident, duly reported to the company as before provided, or of any legal proceedings to enforce such claim, he shall, within three days, give notice thereof to the company in like manner, and shall forward to the company every summons and process as soon as the same have been served on him."

As soon as the summons and complaint were served, they were delivered to the defendant; but that was four months and nine days after the accident, and no prior notice of the accident was given to the defendant by the plaintiff. The defendant provided printed blanks to be used in giving it notice of accidents and furnished a sufficient number of these blanks to the plaintiff. At the heading of these blanks was printed a statement that all accidents, however slight, must be reported immediately without waiting for information in detail; and, to the knowledge and with the consent of the plaintiff, the defendant posted printed notices in the plaintiff's office at the barn, where the drivers were accustomed to assemble, to the same effect for

the information of the teamsters. It does not appear, however, that any blank was furnished to the driver who met with the accident, or that his attention was drawn to this notice, or that he was directed to report any accident that he might have.

In Woolverton v. Fidelity & Casualty Co., 190 N. Y. 41, 82 N. E. 745, 16 L. R. A. (N. S.) 400, the Court of Appeals, in construing a similar indemnity policy of insurance, held that the contract imposed a duty on the assured of exercising reasonable diligence to acquire information with respect to accidents, and that this requires him to so regulate his business "that he may be apprised with reasonable celerity of any accident that may occur in its conduct," but held, however, that this duty was not absolute and only required the exercise of reasonable care to acquire information, and that the duty to give the notice arises when the assured is apprised of the accident, or would be apprised thereof had he performed this duty. The court in that case further held that it would not be reasonable to impute to the assured the knowledge which the driver who meets with the accident acquires, and that he should only be charged with the knowledge acquired, or which should have been acquired, by some person representing the assured for the purposes of receiving and transmitting such knowledge.

The plaintiff had in his employ as general foreman of drivers and of the business one Brennan, and manifestly he represented the plaintiff for the purpose of acquiring and transmitting information with respect to accidents. Late in the afternoon on the day of the accident Brennan was informed by the night man at the stable that Lewis while out that day on plaintiff's business and with one of his teams and trucks, had been arrested, and he and that team and truck had been taken to the Macdougal street police station in the borough of Manhattan, N. Y., and were there then. He sent two other drivers over to the police station to get the team and truck. He testified that at about 10:30 that evening he went to the police station to see Lewis and took one of the printed blanks furnished by the defendant on which to report accidents, with a view to reporting the accident if there had been one; that the lieutenant in charge refused to let him see Lewis on account of the lateness of the hour and informed him that Lewis had been arrested for assault, and, when informed that if there had been any accident Brennan desired to get the particulars to make a report, answered:

"I can't tell you any more to-night about it, and if you want to find out any more about it," he says, "see Lewis." Or, "I can't give you any more to-night. If you want the particulars, you must see Lewis."

The accident occurred on Thursday. Brennan informed the plaintiff next day that one of their drivers had been arrested. Brennan testified that when Lewis returned to the office the following Monday he inquired as follows:

"I asked him if he had an accident, or what kind of trouble he had been in, and where he was for those three or four days, and he said that he was in a little trouble, and that he had gotten out of it. And I put the question to him, 'Did you have any accident that requires reporting?' and he said, 'No.'"

At another point in his testimony he says Lewis did not deny that he had an accident. We regard this testimony as quite improbable. Curiosity, if not duty, would have led Brennan to inquire what had happened. At this interview Lewis received the money that was owing to him and left the plaintiff's employ and did not enter it again until about two weeks prior to the service of the summons and complaint in the action against the plaintiff; but Brennan fails to explain why Lewis did not resume his duties as a driver. Neither plaintiff nor Brennan took any other step to ascertain why Lewis was arrested or whether there had been an accident. Shortly after the summons and complaint were served on the plaintiff, Brennan made a statement to a representative of the defendant in which he stated that the men whom he sent for the team and truck reported that Lewis had been arrested for assault, and that the police sergeant also informed him; but in the statement he said, speaking of the time when he first saw Lewis after the arrest:

"He said he was bailed out by friends the day after he was arrested. He refused to tell how the accident happened, as he was angry on account of being left in jail overnight. We did not know anything about any one being hurt, and all Mr. Piercy knew was that the driver had been arrested for assault. I told him this myself the following day after the accident occurred."

Brennan testified that this statement with respect to the attitude of Lewis related to an interview between them after Lewis returned to work in September; but the statement in writing is not consistent with that testimony and is quite in harmony with the testimony of Lewis, who says that he refused to work for the plaintiff longer. If Brennan's testimony was accepted, it is doubtful whether he discharged the duty which the plaintiff owed to the defendant under this indemnity policy of exercising reasonable diligence to ascertain whether or not the arrest of the driver was connected with an accident which should have been reported to the defendant; but his testimony that he did not learn that there had been an accident is impeached by his statement in writing, by the probabilities of the case, and by the testimony of Lewis and of four other drivers all of whom say that he was informed that Lewis had met with an accident, by which some one was injured. The drivers who were sent for the team and truck both testified not only that Brennan knew that there had been an accident, but that the truck had run over and injured some one. Lewis testified that when he returned to the office, after having been arrested, he informed Brennan that the wheels of another truck locked wheels with his on Varick street, and that the driver of the other truck fell off and was run over, and he is corroborated in this by the testimony of two other drivers, who were present and heard the conversation. The plaintiff therefore failed to sustain the burden of proof, and the verdict is clearly against the preponderance of the evidence.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur. DOWLING, J., dissents.