■ MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Appellant, v AETNA CASUALTY AND SURETY COMPANY et al., Respondents. [604 NYS2d 952] —Order, Supreme Court, New York County (Joan Lobis, J.), entered February 17, 1993,

which denied plaintiff's motion to dismiss the affirmative defense of the contractual period of limitations, and granted defendants' cross motion for summary judgment dismissing the complaint as barred by the contractual period of limitations, unanimously affirmed, with costs.

Plaintiff insured seeks to recover against defendant insurers for damage to the electrical bus duct that runs through its office tower. Although flooding to the bus duct occurred in October 1988, resulting in disruptions in electrical service soon afterwards, plaintiff claims that it was not until September 1989 that it discovered extensive, microbiologically induced corrosion to the aluminum bars contained in the duct. The parties entered into a tolling agreement effective August 12, 1991 through January 31, 1992 when suit was commenced. The two insurance policies under which plaintiff seeks recovery provide that suit must be commenced within two years after the "inception of the loss".

The IAS Court dismissed the action as barred by this contractual period of limitations, correctly noting that New York has not recognized any doctrine under which an insured loss is deemed to occur when discovered. Instead, the phrase "inception of the loss" has been interpreted as "equivalent to the occurrence of the casualty or event insured against" *(Margulies v Quaker City Fire & Mar. Ins. Co.,* 276 App Div 695, 700). Thus, the "inception of the loss" was the flooding in October 1988 and not its purported discovery in September 1989 *(see, Pomilla v Great Am. Ins. Co.,* 14 NY2d 567). Consequently, the tolling agreement was without the two-year contractual limitation period of the policies. Moreover, the policies in issue excluded loss due to "corrosion", and since the proximate cause of the loss was the corrosion and not the flooding, it does not avail plaintiff that the flooding "set the stage" for the conditions that caused the corrosion *(Home Ins. Co. v American Ins. Co.,* 147 AD2d 353, 354). We also agree with the IAS Court that even if a delayed discovery rule were to apply, plaintiff has not demonstrated that an earlier inspection, diligently undertaken in the face of discovered facts, would not have revealed the corrosion within the two-year period of limitations. Concur—Sullivan, J. P., Carro, Wallach and Asch, JJ.