■ JAMES G. SMALLS, Plaintiff, v RELIABLE AUTO SERVICE, INC., Defendant and Third-Party Plaintiff-Respondent. NATIONWIDE MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant. [612 NYS2d 674] —In an action to recover damages for personal injuries, in which the defendant Reliable Auto Service, Inc., brought a third-party action for a judgment declaring that Nationwide Mutual Insurance Company has a duty to defend and indemnify it in connection with the main personal injury action, Nationwide Mutual Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Queens County (O'Donoghue, J.), dated November 26, 1991, which, after a nonjury trial, is in favor of Reliable Auto Service, Inc., and against it, granting that relief.

Ordered that the order and judgment is reversed, on the law, with costs, and it is declared that Nationwide Mutual Insurance Company is not obligated to defend or indemnify Reliable Auto Service, Inc., in connection with the personal injury action.

It is settled that an insured must give notice of an accident to its insurer within the time limit provided in the insurance policy or within a reasonable time thereafter under all the circumstances *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Reliance Ins. Co. v Garsart Bldg. Corp.,* 131 AD2d 828, 829; *Holyoke Mut. Ins. Co. v B.T.B. Realty Corp.,* 83 AD2d 603, 604-605; *see also,* Insurance Law § 3420). Since compliance with a proper "notice of claim" provision in an insurance policy is a condition precedent to an insurer's duty to defend or indemnify the insured *(see, Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8; *Rushing v Commercial Cas. Ins. Co.,* 251 NY 302), absent a valid excuse, the failure of the insured to satisfy the notice requirement vitiates coverage, and the insurer need not demonstrate prejudice in order to disclaim coverage *(see, Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 581; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra).* Moreover, it is the insured's burden to establish a reasonable excuse, such as a lack of knowledge that an accident has occurred, that will explain

or excuse its delay in giving timely notice to the insurer *(see, Woolverton v Fidelity & Cas. Co.,* 190 NY 41; *Holyoke Mut. Ins. Co. v B.T.B. Realty Corp., supra).*

Contrary to the finding of the Supreme Court, we find that Reliable Auto Service, Inc. (hereinafter Reliable) did not establish a reasonable excuse for its failure to notify Nationwide of the "dog bite" incident of July 5, 1987, until it had received the plaintiff's summons and complaint nearly one year thereafter. A principal is bound by notice to or knowledge of his or her agent in all matters within the scope of the agency, notwithstanding the fact that such information is never actually communicated to the principal *(see, Farr v Newman,* 14 NY2d 183, 187; *see also, Center v Hampton Affiliates,* 66 NY2d 782, 784; *Henry v Allen,* 151 NY 1, 9; *Holyoke Mut. Ins. Co. v B.T.B. Realty Corp., supra,* at 605; *see generally,* Restatement [Second] of Agency § 272, at 591). This rule of imputed knowledge is based upon a presumption that an agent has discharged the duty to disclose to the principal all material facts coming to his or her knowledge with respect to the subject of the agency *(see, Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 43; *Center v Hampton Affiliates, supra; Henry v Allen, supra).* Accordingly, under the facts and circumstances of this case, Reliable's purported lack of actual knowledge of the incident in question did not amount to a reasonable excuse for its delay in notifying Nationwide Mutual Insurance Company thereof *(see, Woolverton v Fidelity & Cas. Co., supra; see, Piercy v Frankfort Mar. Acc. & Plate Glass Ins. Co.,* 142 App Div 839; *see generally,* 70 NY Jur 2d, Insurance, §§ 1616-1617, at 626-628).

Additionally, we note that there was evidence that one of Reliable's owners had gone to a veterinarian 11 days after the incident in question and notified him of the incident in order to obtain proof that the dog had previously been vaccinated for rabies.

Accordingly, the order and judgment is reversed, and it is declared that Nationwide Mutual Insurance Company is not obligated to defend or indemnify Reliable in the underlying personal injury action. In light of the foregoing conclusion, we need not address Reliable's remaining contentions. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.