■ SCOTT BAUER, Respondent, v WHISPERING HILLS ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent, and STEVEN A. KLAR, Respondent. GOOD WILL CONSTRUCTION, et al., Third-Party Defendants-Respondents; AETNA CASUALTY AND SURETY COMPANY, Third-Party Defendant-Appellant. [620 NYS2d 147] —Mikoll, J. P. Appeal (transferred to this Court by

order of the Appellate Division, Second Department) from an order of the Supreme Court (Barone, J.), entered September 28, 1992 in Orange County, which, *inter alia,* granted defendants' motion for summary judgment declaring that third-party defendant Aetna Casualty and Surety Company provide full insurance coverage to defendants under a policy of insurance.

This action is for personal injuries sustained by plaintiff on August 9, 1984 while allegedly in the course of his employment with third-party defendants Good Will Construction and/or Tom Buck. The accident occurred on a construction site owned by defendants, Whispering Hills Associates and Steven A. Klar. The action was commenced on August 14, 1990, six years after the accident occurred. The first notice to the insurer of Whispering Hills and Klar, third-party defendant Aetna Casualty and Surety Company (hereinafter Aetna), was received by its agent on August 16, 1990. The third-party action for a declaratory judgment against Aetna was commenced on November 15, 1990. Aetna sent a letter of disclaimer of coverage under its policy of insurance issued to Whispering Hills, Klar Realty and Klar Associates based on the insured's alleged failure to timely notify Aetna of the accident. Third-party defendant Rhulen Agency, Inc. sold the policy.

Defendants moved for summary judgment against Aetna declaring that Aetna is liable to defend and indemnify defendants in the underlying action. Aetna cross-moved for summary judgment declaring that it had no duty to defend or indemnify and for dismissal of the third-party complaint against it. Supreme Court denied Aetna's cross motion and granted defendants' motion ordering that Aetna provide full and complete coverage under the policy. Supreme Court found that the phrase "the person insured" is the "partnership or joint venture * * * any partner or member thereof", and that the assistant superintendent of Whispering Hills, Frank Kosmolsick, was not a partner or member thereof but was solely an employee. The court further held that any knowledge which Kosmolsick had and failed to communicate to "the person insured" could "not be deemed a breach of the condition of the policy".

Aetna's argument that Supreme Court erred in finding that Kosmolsick was an employee of Whispering Hills and that notice of the occurrence to Kosmolsick was not imputable to defendants is persuasive. In the instant case, Kosmolsick was

the ranking supervisory-level employee on duty at the time of the accident involving plaintiff, then an infant. Kosmolsick testified at an examination before trial that he received notice of the occurrence, went to view the scene and observed the injured boy lying on the floor. Kosmolsick talked about the accident with the parent of the boy who was employed by Good Will Construction and/or Buck. Kosmolsick watched as the injured youth was taken from the site by ambulance. Kosmolsick also spoke with Buck, who was present at the scene that day, about the accident. Both the boy's father and Buck asked Kosmolsick not to report the occurrence because the boy was under age and was not supposed to be there. It was within the scope of Kosmolsick's duties to notify his employer of an accident which he had notice of and was a witness to. Reviewing the examination before trial of Kosmolsick and Klar, Kosmolsick admittedly had a duty to notify his employer's front office of this accident. Consequently, the knowledge of the accident is imputed to his employer, the insureds, who in turn had the duty under the policy to notify Aetna in writing of the accident *(see, Woolverton v Fidelity & Cas. Co.,* 190 NY 41, 47-49; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Farr v Newman,* 14 NY2d 183, 187; *Holyoke Mut. Ins. Co. v B. T. B. Realty Corp.,* 83 AD2d 603, 604-605).

Supreme Court improperly failed to apply the rule of imputed knowledge that arises in a master-servant relationship to the facts of this case *(see, Smalls v Reliable Auto Serv.,* 205 AD2d 523, 523-524). Moreover, an insured employer (Whispering Hills) must exercise reasonable diligence in its business to acquire knowledge of accidents. An employer is to so regulate his business as to be "apprised with reasonable celerity of any accident that may occur in its conduct" *(Woolverton v Fidelity & Cas. Co., supra,* at 48). In our view notice to Kosmolsick constituted notice to the insured, Whispering Hills and Klar, and in any event Whispering Hills did not exercise the required reasonable diligence in regulating its business *(see, supra).*

Aetna's contention that defendants did not provide reasonable excuse for the six-year delay in giving notice of the accident to the then-infant plaintiff has merit. It is clear that notice requirements in insurance policies in New York constitute a material condition precedent to the insurer's liability, and inexcusable noncompliance by the insured vitiates the policy *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127). The insured has the burden of establishing a reasonable

excuse or explanation, such as lack of knowledge for its delay *(see, Smalls v Reliable Auto Serv., supra,* at 523-524). These insureds have failed to meet their burden of establishing a reasonable excuse for the delay *(see, supra; see also, Woolverton v Fidelity & Cas. Co., supra,* at 48-49).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, summary judgment awarded to third-party defendant Aetna Casualty and Surety Company and it is declared that said third-party defendant had no obligation under the policy to defend or indemnify defendants in the underlying personal injury action.