■ Lichter Real Estate Number Three, L.L.C., Respondent, v Greater New York Insurance Company, Appellant. [841 NYS2d 93]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered March 6, 2006, which denied defendant's motion to dismiss the complaint as barred by the two-year contractual limitations period, unanimously reversed, on the law, without costs, the motion granted and Greater New York Insurance Company (ICGNY) is declared not obligated to afford plaintiff coverage under the policy.

The policy at issue contained a provision that any legal action for coverage under it must be brought within two years of the date the direct physical loss or damage occurred. Plaintiff commenced this action on June 7, 2005. However, the date of the direct physical loss or damage from which plaintiff's two-year limitations period must to be measured was the date the steam riser broke, in November, 2002, as both plaintiff's loss of rent claim and its mold remediation claim were predicated on that event.

There is no merit to plaintiff's contention that the date from which this contractual limitation period must begin to run is the first time a mold test disclosed dangerous levels of mold contamination, on June 23, 2003. Under New York law, the loss date is the date of "the occurrence of the casualty or event insured against" (*see Morgan Guar. Trust Co. of N.Y. v Aetna Cas. & Sur. Co.*, 199 AD2d 72, 73 [1993], quoting *Margulies v Quaker City Fire & Mar. Ins. Co.*, 276 App Div 695, 700 [1950]; *Califano v Citizens Ins. Co. of N.J.*, 163 Misc 542 [Sup Ct 1937], *affd* 252 App Div 731 [1937]).

Nor may plaintiff rely on the date-of-discovery rule. For that rule to apply, an insured must demonstrate that an earlier inspection, diligently undertaken in the face of discovered facts, would not have revealed the cause of the loss (*see Morgan Guar. Trust Co. v Aetna*, 199 AD2d at 73). Here, the tests in December 2002 and in March 2003 revealed the presence of mold contamination, albeit not yet the dangerous levels of mold that were first found at the time of the June 23, 2003 test. This is insufficient to establish that the cause of the claimed loss could not have been revealed sooner than June 7, 2003.

Thus, plaintiff's action against ICGNY was barred by the

policy's two-year contractual limitations period. Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.

■ ANDREW MATIAS, an Infant, by His Mother and Natural Guardian, LETICIA PALMA, et al., Respondents, v MONDO PROPERTIES LLC et al., Defendants, and JACKIE LORA et al., Appellants. [841 NYS2d 279]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered October 11, 2006, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against appellants. The Clerk is directed to enter judgment accordingly.

Plaintiffs commenced this action to recover damages for injuries infant plaintiff allegedly sustained from lead paint and dust exposure in the apartment he and his mother occupied at 1045 Boynton Avenue and in his aunt's apartment at 1040 Boynton Avenue in the Bronx. Defendant, WDJ Realty V LLC, is the owner and managing agent of the premises at 1045 Boynton Avenue, and defendant, WDJ Realty VI LLC,* is the owner and managing agent of the premises at 1040 Boynton Avenue. Appellant Lora transferred her ownership interest in defendant companies to appellant Pignone in February 2000. Pignone was a shareholder, member and president of WDJ Realty V and VI from February 2000 through November 2004.

Appellants moved to dismiss the complaint as against them contending they could not be held liable for infant plaintiff's alleged injuries in their individual capacities. Supreme Court found appellants did not meet their burden of proof to establish that Lora was not an officer, shareholder, or director of the premises, or that she was not involved with the management or control of the premises. Supreme Court further found issues of fact as to whether Pignone was acting within the scope of her employment. Finally, Supreme Court found appellants to be owners pursuant to Multiple Dwelling Law § 4 (44).

We reverse.

A member of a limited liability company "cannot be held li-

---

* This entity is incorrectly identified in the caption as WDJ Realty IV Corp.