■ HUDSON INSURANCE COMPANY et al., Respondents, v M.J. OPPENHEIM, as Attorney-in-Fact in Canada for Lloyd's Underwriters, Appellant. [916 NYS2d 68]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered August 26, 2009, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Defendant demonstrated as a matter of law that plaintiffs'

notice of the claimed loss was untimely. The subject policy required the insured to provide notice of a loss "[a]t the earliest practicable moment after discovery of [the] loss by the Corporate Risk Manager," and provided that "[d]iscovery occurs when the Corporate Risk Manager first becomes aware of facts which would cause a reasonable person to assume that a loss . . . has been or will be incurred." This language notwithstanding, there was no designated "Corporate Risk Manager" at either plaintiff. Rather, plaintiffs assert that Fairfax's chief actuary, Jean Cloutier, functioned as their "de facto corporate risk manager." They argue that Cloutier learned of the loss in June or July 2003 and that therefore the notice transmitted to the underwriters on May 30, 2003 was timely. However, Hudson's general counsel and assistant general counsel, among other executives, learned of the subject loss on July 23, 2002. The assistant general counsel only later informed Cloutier of it. Indeed, Cloutier testified that he merely "remind[ed]" subsidiaries to report claims to insurers and that he merely "requested" that Fairfax subsidiaries (among them Hudson) copy him on claims. There is no evidence that subsidiaries were required to report assumable losses, as opposed to filed claims, to Cloutier.

Thus, crediting their assertion that Cloutier functioned as their "Corporate Risk Manager," we find that plaintiffs breached their duty to "exercise reasonable diligence . . . to acquire knowledge" of covered losses "with reasonable celerity" (*see Bauer v Whispering Hills Assoc.*, 210 AD2d 569, 571 [1994], *lv denied* 86 NY2d 701 [1995] [internal quotation marks and citation omitted]). Moreover, to the extent that Cloutier delegated the risk management role to Hudson's legal department (by directing subsidiaries to report losses directly to the insurer), Hudson's general counsel's and assistant general counsel's knowledge of the claimed loss—and the corresponding duty to notify the underwriters—would be imputed to Cloutier (*see Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 240 [2002]; *Bauer*, 210 AD2d at 571).

In addition, since plaintiffs "discovered" the loss on July 23, 2002, given the 24-month limitations period contained in the policy, this action was untimely commenced on July 28, 2004, the date of a standstill agreement entered into by the parties (*see e.g. Lichter Real Estate No. Three, L.L.C. v Greater N.Y. Ins. Co.*, 43 AD3d 366, 366-367 [2007]; *815 Park Ave. Owners v Fireman's Ins. Co. of Washington, D.C.*, 225 AD2d 350, 354 [1996], *lv denied* 88 NY2d 808 [1996]). Concur—Saxe, J.P., Richter, Manzanet-Daniels and Román, JJ.