*304 OPINION OF THE COURT
Eileen Bransten, J.
This is an action for insurance coverage of a yacht owned by plaintiff Acadia 1 Corporation. Defendant Insurance Company of North America (ICNA) moves, pursuant to CPLR 3212, for an order granting summary judgment dismissing the complaint as untimely. For the reasons stated below, the motion is granted.
Background
Plaintiff is the owner of a 57-foot yacht called the Bandera. Plaintiff asserts that the yacht is worth between $1.5 million and $3 million.
ICNA insured the Bandera from October 21, 1997 until October 21, 2007.* The policies issued by ICNA to Acadia insured against, among other things, property damage which occurred during the applicable policy period. Each policy included a provision stating that “with respect to any claim or loss to insured property, any suit against us must commence within one (1) year of the date of loss or damage.”
Sometime during the summer of 2000, the Bandera ran aground in Maine, suffering serious damage. ICNA provided coverage and paid for repairs in October 2000. In July 2005, the Bandera suffered another grounding and suffered damage to its structure. ICNA again paid for repairs, which were undertaken sometime in the fall of 2007.
ICNA’s final policy for the Bandera expired on October 21, 2007.
Acadia alleges that in April 2008, the Bandera’s captain noticed water running out of some screw holes in the boat’s inner hull. Acadia alleges that it conducted an investigation and eventually determined that the water was the result of inadequately repaired damage from the earlier groundings. It then made a claim for coverage under the policies that were in effect at the time of the groundings and the repair work. Acadia does not state exactly when it completed its investigation into the cause of the leaks or exactly when it submitted its claim for additional coverage.
By letter dated March 25, 2010, ICNA declined Acadia’s request for coverage. ICNA stated two grounds for its denial: *305 (1) that the Bandera had been found to be dry in two post-repair surveys done in 2007; and (2) that the water discovered in April 2008 was the result of a grounding which occurred sometime during the fall or winter of 2007/2008, after the expiration of the last ICNA policy, while the Bandera was sailing in the Caribbean. ICNA’s letter states that its conclusion was reached as the result of inspections conducted on December 2, 3 and 29, 2009.
Acadia commenced this action in October 2010, asserting claims against ICNA for breach of contract and negligence. The complaint also asserted a claim against Chartis for breach of contract. Acadia amended the complaint in January 2011 to add defendant AIG, against whom it asserts a claim for breach of contract.
ICNA now moves for summary judgment dismissing the complaint on the ground that Acadia’s demand for coverage is untimely under the terms of the policies.
Analysis
A party moving for summary judgment is required to make a prima facie showing that it is entitled to judgment as a matter of law by providing sufficient evidence to eliminate any material issues of fact from the case. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Grob v Kings Realty Assoc., 4 AD3d 394 [2d Dept 2004].) The party opposing must then demonstrate the existence of a factual issue requiring a trial of the action. (Zuckerman v City of New York, 49 NY2d 557, 562 [1980].)
ICNA argues that under its policy’s language, any action against it for damages suffered during the July 2005 grounding had to be brought no more than one year after the damages were suffered, by July 2006. It argues on this basis that the instant action, commenced in October 2010, is untimely. ICNA further argues that, at the latest, this action was required to have been commenced by April 2009, one year after Acadia allegedly discovered water running out of the screw holes in the boat’s inner hull.
Acadia argues that this action is timely because it was commenced within one year of ICNA’s March 25, 2010 letter which declined coverage.
As set forth above, ICNA’s policy required that any suit against ICNA had to be commenced within one year of the date of loss or damage. “Under New York law, the loss date is the date of ‘the occurrence of the casualty or event insured *306 against.’ ” (Lichter Real Estate No. Three, L.L.C. v Greater N.Y. Ins. Co., 43 AD3d 366, 366 [1st Dept 2007], quoting Morgan Guar. Trust Co. of N.Y. v Aetna Cas. & Sur. Co., 199 AD2d 72, 73 [1st Dept 1993].)
It is undisputed that the Bandera was damaged in the July 2005 grounding. However, contrary to ICNA’s assertion, the one-year requirement in the policy language did not commence at that point. The damage alleged and at issue here arose in connection with the repair work, which Acadia alleges was improperly done, rather than simply from the grounding itself, for which ICNA already provided coverage. Therefore, the date of loss corresponds to the time at which the repairs were made.
Although the parties have not demonstrated exactly when the repair work ceased, they agree that the repairs took place in the fall of 2007. As such, the one-year time limitation would have expired sometime in the fall of 2008. This action was not commenced until October 2010, well beyond the one-year limitation period set forth in the policies.
Even assuming that the one-year period did not commence until Acadia discovered the water in the inner hull in April 2008, this action would still be untimely. Therefore, the court finds that, by citing the 12-month limitations period, ICNA has made a prima facie showing that it is entitled to judgment as a matter of law dismissing the complaint, and the burden shifts to Acadia to demonstrate the existence of a material issue of fact. (See Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967-968 [1988]; Enright v Nationwide Ins., 295 AD2d 980 [4th Dept 2002].)
Acadia argues that the motion should be denied because, even if this action would otherwise be untimely, ICNA waived its rights to assert such a defense when it originally provided coverage for the 2005 grounding. This is unpersuasive.
“[I]t is axiomatic that waiver ‘is an intentional relinquishment of a known right and should not be lightly presumed.’ ” (EchoStar Satellite L.L.C. v ESPN, Inc., 79 AD3d 614, 617 [1st Dept 2010], quoting Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d at 968.) Such intention “must be unmistakably manifested, and is not to be inferred from a doubtful or equivocal act.” (Id. [internal quotation marks and citations omitted].)
Acadia has not set forth any facts to demonstrate that ICNA waived its right to rely on the one-year limitation period in the policy. The fact that ICNA provided coverage for the 2005 *307 grounding, and undertook repairs in 2007, does not demonstrate an intent on ICNA’s part to waive its right to argue that the instant action, which was brought approximately three years after the repairs were made, is untimely.
Acadia asserts that such a finding could place insureds in the position of having to commence a “protective suit” in situations where repairs were not completed before the expiration of the one-year time limitation in the underlying policies. (Plaintiffs mem of law at 12 n 9.) However, in such situations, the insured has the option to commence an action before the limitations period expires or to obtain a waiver of that requirement from the insurer. (See Enright v Nationwide Ins., 295 AD2d at 981.)
Order
Accordingly, it is ordered that defendant Insurance Company of North America’s motion for summary judgment dismissing the complaint herein is granted and the complaint is dismissed in its entirety as against said defendant, with costs and disbursements to said defendant as taxed by the clerk of the court, and the clerk is directed to enter judgment accordingly in favor of said defendant; and it is further ordered that the action is severed and continued against the remaining defendants.

 Defendants Chartis, Inc. (Chartis), and AIG Centennial Insurance Company (AIG) insured the yacht from October 2007 until the commencement of this action.