470 4th Ave. Fee Owner, LLC v Wesco Ins. Co. (2025 NY Slip Op 06268)

470 4th Ave. Fee Owner, LLC v Wesco Ins. Co.

2025 NY Slip Op 06268

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 651184/20|Appeal No. 5190|Case No. 2024-04804|

[*1]470 4th Avenue Fee Owner, LLC, et al., Plaintiffs-Respondents,
v
Wesco Insurance Company et al., Defendants-Appellants.

Mound Cotton Wollan & Greengrass LLP, New York (Kevin F. Buckley of counsel), for appellants.
Sher Tremonte LLP, New York (Benjamin J. Shack Sackler of counsel), for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered July 17, 2024, which insofar as appealed from, denied defendant Wesco Insurance Company's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiffs purchased an "all risk" insurance policy from Wesco on the subject apartment building. As relevant to this appeal, the policy stated, "[w]e cover loss or damage commencing during the policy period," and contained exclusions for damage caused by latent defects, continuous or repeated leakage of water, faulty workmanship and fungus. The policy also required plaintiffs to give prompt notice to Wesco in the event of any loss or damage. On September 25, 2018, plaintiffs filed a claim for damages allegedly caused by leaking packaged terminal air conditioner (PTAC) units. Wesco denied the claim on the basis that the alleged damages occurred before the policy took effect. Alternatively, Wesco found that various exclusions in the policy barred the claim, and that plaintiffs failed to provide timely notice of the loss.
Initially, Wesco's motion is premature (see CPLR 3212[f]). Plaintiffs never deposed Wesco's witnesses despite attempting to schedule a deposition months before Wesco filed its motion. Depositions of Wesco's corporate representative will allow plaintiffs to fully examine Wesco's representatives' observations of the property and the factors for Wesco's coverage denial (see Groves v Land's End Hous. Co., 80 NY2d 978, 980 [1992]).
Alternatively, Supreme Court properly denied Wesco's motion on the ground that it failed to establish its entitlement to judgment as a matter of law. With regard to Wesco's claim that the alleged damages commenced prior to the policy's effective date, plaintiffs raised issues of fact as to when the damage to the building's floors, appliances, cabinetry, drywall, and other property started by submitting their representative's affidavit and emails from tenants attesting to when the water damage occurred (see Morgan Guar. Trust Co. v Aetna Cas. & Sur. Co. of N.Y., 199 AD2d 72, 73 [1st Dept 1993]).
Wesco also failed to establish its entitlement to judgment as a matter of law with regard to the applicability of the policy's various exclusions (see Cragg v Allstate Indem. Corp, 17 NY3d 118, 122 [2011]). With respect to the policy's latent defect exclusion, Wesco's expert noted various problems with the exterior of the PTAC units, which cannot be considered hidden so as to qualify as latent defects (see Seward Park Hous. Corp. v Greater N.Y. Mut. Ins. Co., 43 AD3d 23, 28 [1st Dept 2007]). Wesco also failed to meet its burden as to the applicability of the policy's exclusion for "[c]ontinuous or repeated seepage or leakage of water . . . that occurs over a period of 14 days or more." because its evidence did not establish a clear timeline of when the PTAC units started and stopped leaking.
Furthermore, even assuming that Wesco met its initial burden as to the applicability of the policy's exclusion for faulty workmanship based on the defective installation of the PTAC units, plaintiffs raised an issue of fact as to whether the resulting water damage is covered by the policy's ensuing loss provision (see Kidron v Suris & Assoc., P.C., 227 AD3d 444 [1st Dept 2024]). Plaintiffs' reference to the policy's ensuing loss provision also raised an issue of fact as to the applicability of the provision excluding coverage caused by fungus because plaintiffs' claim alleged that the mold in the building occurred as a direct result of the leaking PTAC units.
Finally, the court properly found that there are issues of fact as to plaintiffs' alleged failure provide prompt notice. "The duty to give notice arises when, from the information available relative to the accident, an insured could glean a reasonable possibility of the policy's involvement" (Paramount Ins. Co. v Rosedale Gardens, Inc., 293 AD2d 235, 239-240 [1st Dept 2002]). Here, plaintiffs raised an issue of fact as to whether they provided Wesco with prompt notice of their claim through their corporate representative, who stated in both his examination under oath and his affidavit that the damage caused by the PTAC units did not occur until August or September 2018, and that plaintiffs provided notice to Wesco on September 25, 2018.
We have considered Wesco's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025