■ SYDNEY M. SILVA et al., Appellants, v PAUL CELELLA et al., Respondents.—In an action to recover a down payment on a canceled contract for the sale of real property, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Rockland County (Kelly, J.), dated January 11, 1987, which, upon denying their cross motion for summary judgment and granting the defendants' motion for summary judgment, inter alia, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

On April 22, 1987, the defendants Paul and Mary Celella entered into a contract to sell certain real estate located in Suffern to the plaintiffs. The plaintiffs agreed to pay $285,000 for the property, of which $15,000 was placed in escrow as a down payment at the time the contract was signed. The contract contained a mortgage contingency clause which provided that the obligations of the plaintiffs would be subject to their obtaining a first mortgage in the amount of $175,000 within 45 days of the execution of the agreement. This clause gave either party the option to cancel the contract if the plaintiffs were unable to procure a mortgage commitment after a "prompt, diligent and good faith application", in which event the plaintiffs were entitled to recover the down payment.

By letter dated June 8, 1987, the plaintiffs informed the

defendants that they were unable to obtain a mortgage commitment and requested the return of their down payment. The defendants refused to refund the down payment without proof that the plaintiffs had in fact applied in good faith for such a commitment. On July 9, 1987, the plaintiffs forwarded to the defendants a letter dated July 3, 1987, from Midlantic Home Mortgage Corporation, which established that the plaintiffs had applied for a mortgage in the amount of $185,000, $10,000 greater than the amount stated in the contract, and that no commitment had been issued as of that date.

The plaintiffs subsequently commenced this action against the defendant sellers and their attorneys seeking the return of their down payment. The Supreme Court granted summary judgment to the defendants, ruling that the plaintiffs had no right to cancel the contract since they had applied for a mortgage in an amount which differed from the amount prescribed in the contract. We agree.

The plaintiffs do not dispute that the mortgage for which they applied was $10,000 greater than that required under the express terms of mortgage contingency clause. We conclude that by applying for a mortgage in an amount greater than that required in the contract, the plaintiffs breached the contract, as a matter of law, and they are therefore not entitled to recover the down payment *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Lawrence v Miller,* 86 NY 131; *Hendel v Scheuer,* 150 AD2d 431; *Levine v Trattner,* 130 AD2d 462). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.