■ ROGER POST, Appellant-Respondent, v FRED MENGONI, Respondent-Appellant, et al., Defendant. [604 NYS2d 186] —In an action, *inter alia,* to recover a down payment made pursuant to a contract for the sale of real property, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Williams, J.), entered June 4, 1991, as, *inter alia,* granted the defendant Mengoni's motion for summary judgment dismissing the complaint insofar as it is asserted against him and directed the escrow holder to disburse to the defendant Mengoni the down payment of $50,000 as "liquidated damages"; and the defendant cross-appeals from so much of the same order and judgment as dismissed his counterclaim for specific performance.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The plaintiff does not dispute that the mortgage for which he applied was in an amount that was $100,000 greater than that required under the express terms of the mortgage contingency clause of the contract which provided for a commitment "of 2,000,000". Therefore, it is clear that the plaintiff breached the contract as a matter of law and that he is not entitled to recover the down payment *(see, Silva v Celella,* 153 AD2d 847; *cf., Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016).

We further conclude that the defendant Mengoni's remedy at law, which is an award of money damages, was adequate to compensate him under these circumstances and accordingly the Supreme Court did not improvidently exercise its discretion in dismissing his counterclaim seeking specific performance of the contract of sale *(see, Piro v Bowen,* 76 AD2d 392).

We have reviewed the remaining contentions of the defendant Mengoni and conclude that they are without merit. Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.