■ ALA KATZ et al., Appellants, v PHYLLIS SIMON, Respondent. [627 NYS2d 763] —In an action to recover a down payment

pursuant to a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated January 26, 1994, which, upon an order of the same court, dated October 6, 1993, granting the defendant's motion for summary judgment on her counterclaim and denying their cross motion for summary judgment, is in favor of the defendant and against them in the principal sum of $26,950.

Ordered that the judgment is reversed, on the law, with costs, and so much of the order dated October 6, 1993, as granted the defendant's motion for summary judgment is vacated, and that motion is denied.

The parties entered into a contract pursuant to which the plaintiffs agreed to purchase a residence owned by the defendant. The contract contained a mortgage contingency clause which provided, *inter alia,* that the sale of the premises was conditioned upon the plaintiffs obtaining a mortgage in the amount of $203,000. The plaintiffs subsequently applied for a mortgage in the amount of $215,600, but their application was ultimately rejected by the bank to which they applied. The bank indicated that it could not grant a mortgage in the requested amount because the appraised value of the premises was too low and that *"[t]he maximum amount we could offer would be $194,400"* (emphasis supplied). The plaintiffs sought to cancel the contract, but the defendant refused to return the down payment. The plaintiffs commenced this action to recover their down payment, and the Supreme Court granted the defendant's motion for summary judgment, finding that the plaintiffs had breached the contract by applying for a mortgage in excess of $203,000. We disagree.

It is clear from the record that the bank would not issue a mortgage commitment for more than $194,400 because the appraised value of the subject premises was inadequate, not because the plaintiffs' mortgage application exceeded the $203,000 figure set forth in the parties' contract. Our decisions in *Post v Mengoni* (198 AD2d 487) and *Silva v Celella* (153 AD2d 847) are distinguishable on this basis. Hence, the defendant is not entitled to summary judgment.

However, triable issues of fact exist, *inter alia,* with respect to whether the plaintiffs failed to act diligently and in good faith in applying for the mortgage. Indeed, significant factual questions have been raised with regard to the reasons for their delay in applying for the mortgage and their alleged failure to reveal that a prior mortgage application to another lending

institution purportedly had been rejected. Accordingly, the plaintiffs are not entitled to summary judgment.

Finally, we note that pursuant to paragraph 17 of the rider to the parties' agreement, the defendant has the contractual right to recover counsel fees in the event that the plaintiffs are ultimately determined to have willfully breached the contract. Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.