■ FRANK MARX et al., Respondents, v JERRY H. SHUSTEK et al., Appellants. [640 NYS2d 224] —In an action for the return of a down payment given pursuant to a contract for the sale of real property, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 4, 1994, as denied their motion for summary judgment on their first and second counterclaims and to dismiss the complaint, and granted the branch of the plaintiffs' cross motion which was for leave to file an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about August 2, 1993, the parties entered into a contract for the sale of the defendants' residence which conditioned the sale on the ability of the plaintiffs to obtain a firm commitment for a conventional mortgage in the amount of $150,000. On or about October 17, 1993, the buyers' applica-

tion was rejected. The lender's rejection notice indicated that the buyers had applied for a jumbo loan, which, the defendants contend without contradiction, was for an amount in excess of $150,000.

The defendants' attorney promptly informed the plaintiffs that applying for a loan greater than that called for in the contract was a breach which deprived the plaintiffs of the right to regain their down payment.

With the defendants' knowledge, the plaintiffs reapplied for another mortgage loan in the exact amount of $150,000, and were again rejected. When the defendants still refused to return their down payment, the plaintiffs commenced this action. The defendants counterclaimed, *inter alia,* for a judgment declaring that they were entitled to the down payment and moved for summary judgment on the counterclaims. The plaintiffs cross-moved for leave to amend their complaint, *inter alia,* to allege that their offer to reapply for a mortgage loan in the proper amount was accepted by the defendants, and to base their cause of action for the return of the down payment on the rejection of the second application.

The court denied the defendants' motion and granted so much of the plaintiffs' cross motion as was for leave to amend their complaint. We affirm.

Generally, a buyer who breaches a contract by applying for a mortgage loan greater than the one required under the express terms of the contract is not entitled to recover his down payment (*see, Post v Mengoni,* 198 AD2d 487; *Silva v Celella,* 153 AD2d 847). Due to the unusual circumstances here, however, a question of fact is presented as to whether the plaintiffs' initial application for a mortgage loan would have been denied even if the application was for a loan in the proper amount, i.e., $150,000 (*see, Katz v Simon,* 216 AD2d 270).

In addition, other questions of fact are presented, including whether or not the defendants' actions and the numerous communications between counsel reaffirmed the contract, and whether or not the plaintiffs repudiated the contract.

The court properly allowed the plaintiffs to amend their complaint. Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.