■ J. DONALD RICE, JR., et al., Appellants, v RALPH M. BUIE et al., Respondents. [687 NYS2d 52] —Order, Supreme Court, New York County (Richard Braun, J.), entered on or about February 10, 1998, which, in an action for specific performance of a contract for the sale of real estate, or, in the alternative, return of the down payment given pursuant to such contract, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint and for summary judgment on their counterclaims for retention of the down payment, unanimously affirmed, without costs.

We affirm the determination that defendants are entitled to retain plaintiffs' down payment of $78,000, albeit not for the IAS Court's reason that plaintiffs had defaulted in responding to defendants' counterclaims for such relief. Plaintiffs applied for a mortgage of $990,000, far in excess of both the purchase price of $780,000 and the "first mortgage loan * * * of $600,000.00 or such lesser amount as Purchaser shall be willing to accept" called for in the contract's mortgage contingency

clause. The lender declined plaintiffs' application for a loan of $990,000, but offered them one for $700,000 subject to the conditions that $200,000 of the $700,000 be withheld at closing and deposited in escrow for disbursement upon plaintiffs' completing $400,000 of renovation work and obtaining a new certificate of occupancy, and an appraisal of the property of not less than $1,300,000. While it is true, as plaintiffs contend, that this commitment effectively provided them with only $500,000 for use toward the purchase price at closing, it remains that the $500,000/$200,000 split in the form of the commitment reflected the application that plaintiffs submitted, which represented that $380,000 was needed for alterations, improvements and repairs of the property. Thus, the amount and type of commitment was the result not of an appraisal lower than what would have supported the $600,000 amount stipulated in the contract, but rather of an application that sought what amounted to a combination purchase money and construction loan. Since nothing in the contract permitted such an application, it constituted a breach thereof as a matter of law, warranting plaintiffs' forfeiture of their down payment (*see, Post v Mengoni*, 198 AD2d 487; *Silva v Celella*, 153 AD2d 847; *compare, Katz v Simon*, 216 AD2d 270; *Slamow v DelCol*, 174 AD2d 725, *affd* 79 NY2d 1016).

Plaintiffs' remaining causes of action are also without merit. The proposed written amendment to the contract drafted by defendants' attorney and addressed to plaintiffs' attorney specifically provided that it was not to be effective unless signed by both parties, and since it was never signed by defendants, the cause of action for specific performance based thereon is barred by the Statute of Frauds (General Obligations Law § 5-703 [2]; *see, Jo-Cook Realty Corp. v Lorge*, 133 AD2d 447). Plaintiffs' housing discrimination claims under 42 USC § 1982 or § 3604 and Civil Rights Law § 40-c and Executive Law § 296 were properly dismissed where the property was sold to other bidders on terms more favorable to defendants than those then being offered by plaintiffs (*see, Soules v United States Dept. of Hous. & Urban Dev.*, 967 F2d 817, 822). Concur—Sullivan, J. P., Lerner, Andrias and Saxe, JJ.