■ CHRISTOPHER S. et al., Appellants, v DOUGLASTON CLUB, Doing Business as DOUGLASTON CLUB, INC., Respondent, et al., Defendants. [713 NYS2d 542] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated March 10, 1999, as granted that branch of the motion of the defendant Douglaston Club, d/b/a Douglaston Club, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and denied that branch of their cross motion which was for summary judgment on the issue of notice, and (2) from a judgment of the same court, entered May 25, 1999, which is in

favor of the defendant Douglaston Club, d/b/a Douglaston Club, Inc., and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

This action arises from an alleged sexual assault upon the plaintiff Bridget S. by the defendant Zachary R. at the defendant Douglaston Club (hereinafter the Club), a swimming and tennis club located in Queens. The plaintiffs alleged, *inter alia,* that a proximate cause of the attack was the failure of the defendant Club to maintain its premises in a reasonably safe condition against the foreseeable conduct of Zachary R. (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). The plaintiffs alleged that Zachary R.'s conduct was foreseeable because he and several other boys had engaged in improper sexual behavior at the club the year before the incident at issue here. Further, knowledge of Zachary R.'s prior conduct could be imputed to the Club on an agency theory, because two of the boys involved in the prior incident were the sons of members of the Club's board of directors (one as restaurant and bar chairman and the other as the chairperson of the tennis committee). Thus, the knowledge of those board members, as agents of the Club, could be imputed to the Club. After issue was joined and various disclosure completed, the Club moved for summary judgment dismissing the complaint insofar as asserted against it. The Club argued, *inter alia,* that it lacked actual or constructive notice of Zachary R.'s prior conduct, and that knowledge of his prior conduct could not be imputed to it based on an agency theory. The plaintiffs opposed the motion and cross-moved for summary judgment on the issue of notice. The Supreme Court granted the Club's motion and denied the plaintiffs' cross motion, and thereafter entered judgment in favor of the Club. We affirm.

In general, knowledge acquired by an agent acting within the scope of his or her agency is imputed to the principal and the latter is bound by that knowledge even if the information is never actually communicated (*see, Center v Hampton Affili-*

*ates,* 66 NY2d 782; *Farr v Newman,* 14 NY2d 183). An exception to this rule occurs when the agent has abandoned his or her principal's interests and is acting entirely for ,his or her own or another's purposes (*see, Center v Hampton Affiliates, supra*). Here, the two board members in question did not learn of the prior conduct of Zachary R. while acting within the scope of their duties as agents of the Club. Indeed, the conduct at issue did not concern matters related to their respective club duties. Rather, each learned of the conduct as the father of a boy involved in the prior incident. Thus, the fact that these fathers were also board members was mere happenstance. Further, assuming that they did acquire knowledge of the prior conduct of Zachary R. while acting within the scope of their agencies, the exception to the agency rule set forth above applies. Both board members testified, *inter alia,* that in order to save embarrassment to all families involved in the prior incident, information concerning Zachary R.'s conduct was intentionally withheld from the Club. Thus, as to that information, each board member completely abandoned any obligation owed to the Club in his capacity as a board member in favor of his perceived overriding obligations to his own son and family and the children directly involved in the prior incident. Accordingly, the information possessed by these board members as to the prior conduct of Zachary R. cannot be imputed to the Club (*see, Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126; *Reynolds v Snow,* 10 AD2d 101).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.