■ STEVEN MARKOVITZ, Appellant, v MARDIG KACHIAN et al., Respondents. [814 NYS2d 60]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered December 12, 2005 and January 9, 2006, which, in an action for return of a down payment on a contract for the sale of real property, denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of plaintiff against defendants in the amount of $350,000, with interest from August 11, 2004.

No issues of fact exist as to plaintiff's good faith attempt to obtain a mortgage in the amount specified in the contract's mortgage contingency clause (*see Buonocore v Dubois*, 16 AD3d 359 [2005], *lv denied* 5 NY3d 706 [2005]). While plaintiff's written application admittedly was for a combined acquisition/construction loan more than twice the amount specified in the mortgage contingency clause (*see Post v Mengoni*, 198 AD2d 487 [1993] [purchaser not entitled to return of down payment where mortgage application exceeded amount specified in mortgage contingency clause]), an e-mail from the lender bank, sent less than two weeks after execution of the contract of sale and well within the period for seeking a commitment, demonstrates that plaintiff's mortgage application was denied not because he had sought a combined acquisition/construction loan, but because the bank felt that the property, with income from only one tenant, would be unable to support the loan debt and other carrying costs associated with an acquisition-only transaction (*see Katz v Simon*, 216 AD2d 270, 271 [1995] [distinguishing *Post* (*supra*) where mortgage application would have been denied even if it had not exceeded amount specified in mortgage contingency clause]). Defendants will not be heard to challenge

the credibility of this e-mail, having admittedly failed to pursue the specific opportunity to obtain disclosure provided them by the court upon the denial of plaintiff's initial motion for summary judgment. Defendants' argument that later correspondence from the bank shows that its rejection was based on the projected inadequate return for a combined acquisition and construction project misconstrues such correspondence, which rather shows that the bank addressed two separate proposed financing scenarios and rejected both. Concur—Andrias, J.P., Saxe, Nardelli, Catterson and Malone, JJ.