■ DANIEL GORGOGLIONE, Appellant, v AMY GILLENSON, Respondent, et al., Defendant. [849 NYS2d 526]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered March 2, 2007, which, to the extent appealed from, upon renewal and reargument, denied plaintiff's motion for summary judgment on his first cause of action seeking a declaration of his entitlement to the return of his $85,000 deposit on the purchase price for a cooperative apartment, and granted defendant Gillenson's cross motion for summary judgment on her counterclaim seeking a declaration of her entitlement to such deposit, unanimously reversed, on the law, with costs, plaintiff's motion granted, Gillenson's cross motion denied, it is declared that Gorgoglione is entitled to the deposit and any interest accrued thereon, and Gillenson's counterclaim dismissed.

Plaintiff Gorgoglione and defendant Gillenson entered into a written agreement, dated December 30, 2004, for the sale of Gillenson's cooperative apartment to Gorgoglione for a purchase price of $850,000, $85,000 of which was paid into escrow as a

deposit upon execution. The agreement provided that the sale was contingent on the unconditional consent of the cooperative corporation (the co-op). The agreement also provided that Gorgoglione's obligation to purchase was contingent on the issuance to him, by January 25, 2005, of a loan commitment in the amount of "$425,000 for a term of 30 years or such lesser amount or shorter term as applied for or acceptable to [him]" (the Financing Terms). Gorgoglione initially obtained a loan commitment in the amount of $425,000, but rejected it and then obtained a second commitment, dated January 19, 2005, for a loan in the amount of $552,000. Thereafter, the co-op, by letter dated January 28, 2005, denied the parties' request for its consent to the transaction.

Upon the co-op's denial of consent, Gorgoglione gave notice that he was cancelling the transaction and requested that the escrow agent return his $85,000 deposit to him. However, by letter dated February 1, 2005, Gillenson took the position that she was entitled to the deposit on the ground that Gorgoglione breached his contractual obligations by rejecting the $425,000 loan commitment and applying for a loan in an amount greater than contemplated by the agreement's Financing Terms. This action ensued. In the order appealed from, the motion court rendered summary judgment determining that Gillenson is entitled to the deposit. We now reverse.

Gillenson, relying on the Second Department cases of *Post v Mengoni* (198 AD2d 487 [1993]) and *Silva v Celella* (153 AD2d 847 [1989]), argues that Gorgoglione's rejection of the $425,000 loan commitment and his application for a loan in a greater amount constituted a breach of his obligation under paragraph 18.2 of the agreement "diligently and in good faith . . . [to] apply for a loan on the Financing Terms . . . [and to] accept a Loan Commitment Letter meeting the Financing Terms." We need not determine whether this contention is correct because it is undisputed that Gorgoglione succeeded in obtaining a loan commitment in the higher amount he requested ($552,000), which commitment conformed to the Financing Terms in all other respects. Since Gorgoglione obtained the financing he deemed necessary and, but for the co-op's refusal of consent, would have been prepared to close on the sale, any deviation of his application from the agreement's Financing Terms does not provide grounds for declaring him in default, as it was not a cause of the failure of the transaction. Significantly, Gillenson has presented no evidence that the co-op's refusal of consent was in any way related to the amount of the loan commitment, which was well within the co-op's guidelines allowing up to 75%

financing. Where a purchaser applies for financing on terms different from those contemplated by the financing contingency clause in the contract of sale, but the transaction fails for reasons unrelated to the financing terms for which the purchaser applied, the financing terms applied for are not deemed to have put the purchaser in breach of his or her obligation to make a good faith effort to obtain financing, and, assuming all other obligations have been fulfilled, the purchaser is entitled to the return of any deposit (*see Markovitz v Kachian*, 28 AD3d 358 [2006], citing *Katz v Simon*, 216 AD2d 270 [1995]; *see also Marx v Shustek*, 226 AD2d 351 [1996]).

In any event, to the extent Gillenson argues that, notwithstanding the foregoing considerations, paragraph 18.3 of the agreement entitles her to hold Gorgoglione liable for breach based on the nonconforming loan commitment, this argument has been waived. Although paragraph 18.3 gave Gillenson a right to cancel the agreement based on a failure to produce a loan by January 25, 2005, the provision required Gillenson to exercise that right "within 5 days after" January 25, 2005, i.e., on or before January 30, 2005. Since Gillenson failed to act in this regard within the time frame provided, she waived any right to the deposit based on the nonconforming loan commitment. As was expressly stated in paragraph 18.3 of the agreement: "Failure by either Purchaser or Seller to deliver notice of Cancellation as required by this ¶ 18.3 shall constitute a waiver of the right to cancel under this ¶ 18.3." Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and Kavanagh, JJ.