■ CHRISTINE O'KEEFFE HUMBERT, Plaintiff, v ALLISON E. ALLEN et al., Defendants/Third-Party Plaintiffs-Respondents, and LUIGI ROSABIANCA, ESQ., Appellant. ROSABIANCA & ASSOCIATES, PLLC, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [932 NYS2d 155]—

The defendants/third-party plaintiffs, Allison E. Allen and Robert T. Allen (hereinafter together the Allens), entered into a contract to purchase a condominium unit from the plaintiff for a total purchase price of $475,000. Upon signing the contract, the Allens deposited a down payment in the sum of $47,500 into an escrow account managed by the Allens' lawyer, the defendant Luigi Rosabianca, and his law firm, the third-party defendant Rosabianca & Associates, PLLC (hereinafter together the appellants). The contract of sale contained a mortgage contingency clause that entitled the Allens to a refund of their down payment if they could not secure a commitment for a mortgage loan in the amount of $427,500, after making a good faith and diligent attempt to obtain such a commitment. The Allens proceeded to apply for a mortgage loan in a far greater amount, intending to purchase another condominium unit in addition to the unit owned by the plaintiff. Although the Allens received a "counteroffer" commitment from a bank for a loan in the amount of $846,000, they instructed the appellants to cancel the contract of sale with the plaintiff in accordance with the mortgage contingency clause.

The plaintiff subsequently commenced this action against the Allens and Rosabianca, alleging breach of contract and seeking to receive and retain the down payment as liquidated damages. In her complaint, the plaintiff alleged, inter alia, that the Allens had violated the terms of the mortgage contingency clause and forfeited their down payment by failing to make a diligent application for a mortgage loan in the amount of $427,500. The Allens asserted, inter alia, a cross claim against Rosabianca and a third-party cause of action against Rosabianca & Associates, PLLC, alleging legal malpractice.

The plaintiff and the Allens ultimately entered into a settlement agreement pursuant to which each of them received a portion of the down payment. By stipulation, the plaintiff discontin-

ued her claims against the Allens and Rosabianca. The Allens, however, maintained the aforementioned cross claim and third-party cause of action against the appellants, alleging that they were negligent in failing to tender written notice of cancellation to the plaintiff in accordance with the terms of the contract of sale, that this negligence was a proximate cause of the Allens' damages, and thus, that the appellants were liable for the portion of the down payment that the Allens forfeited to the plaintiff. In the order appealed from, the Supreme Court, inter alia, granted that branch of the Allens' cross motion which was for summary judgment on the cross claim and the third-party cause of action alleging legal malpractice insofar as asserted against the appellants, awarding the Allens the principal sum of $25,000 as partial damages, and directing a hearing to determine the amount of "litigation expenses" incurred by the Allens as a result of the appellants' alleged legal malpractice. We modify.

To recover damages for legal malpractice, the Allens were required to demonstrate that their "attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused [them] to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002] [internal quotation marks omitted]; *see Bilin v Segal, Goodman & Goodman, LLP*, 81 AD3d 680, 682 [2011]). To establish causation, the Allens were required to show that they "would not have incurred any damages, but for the lawyer's negligence" (*Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1018 [2010] [internal quotation marks omitted]), and that they "incurred actual damages as a direct result of the attorney's actions or inaction" (*Bauza v Livington*, 40 AD3d 791, 793 [2007] [internal quotation marks omitted]). " '[M]ere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice' " (*Dempster v Liotti*, 86 AD3d 169, 177 [2011], quoting *Siciliano v Forchelli & Forchelli*, 17 AD3d 343, 345 [2005]).

Here, the Allens did not meet their prima facie burden of establishing their entitlement to judgment as a matter of law on the cross claim and the third-party cause of action alleging legal malpractice insofar as asserted against the appellants. They failed to demonstrate that the appellants' alleged malpractice (the failure to tender written notice of cancellation of the contract of sale) was a proximate cause of their damages (*see Bells v Foster*, 83 AD3d 876, 877 [2011]; *compare Logalbo v*

*Plishkin, Rubano & Baum*, 163 AD2d 511 [1990]). The Allens did not establish, prima facie, that they would have been entitled to the return of their down payment, but for this alleged malpractice (*see Kluczka v Lecci*, 63 AD3d 796, 797 [2009]). As the record indicates, and the Allens do not dispute, they applied for a mortgage loan in an amount far greater than that which was specified under the express terms of the mortgage contingency clause, and they received a "counteroffer" commitment from a lender for a loan in an amount almost double that which they needed to secure pursuant to the terms of the contract of sale. Under these circumstances, the Allens did not have grounds to cancel the contract of sale pursuant to the terms of the mortgage contingency clause (*see Post v Mengoni*, 198 AD2d 487 [1993]; *Silva v Celella*, 153 AD2d 847, 848 [1989]). Thus, regardless of any malpractice on the part of the appellants in allegedly failing to tender written notice of cancellation, the Allens independently breached the contract of sale and forfeited their down payment to the plaintiff as liquidated damages (*see Post v Mengoni*, 198 AD2d 487 [1993]; *Silva v Celella*, 153 AD2d at 848).

Since the Allens failed to establish, prima facie, that the appellants' alleged malpractice was a proximate cause of their damages, the Supreme Court should have denied that branch of the Allens' cross motion which was for summary judgment on the cross claim and the third-party cause of action alleging legal malpractice insofar as asserted against the appellants, awarding the Allens the principal sum of $25,000 as partial damages, and directing a hearing to determine the amount of "litigation expenses" incurred by the Allens as a result of the appellants' alleged legal malpractice. Further, under the circumstances of this case, we award summary judgment to the appellants dismissing the Allens' cross claim and third-party cause of action alleging legal malpractice insofar as asserted against them pursuant to our authority to search the record and award summary judgment to the nonmoving parties with respect to an issue that was the subject of the motion before the Supreme Court (*see Blair v O'Donnell*, 85 AD3d 954, 956-957 [2011]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.