■ KENNETH G. KWEKU, Respondent, v REGINALD THOMAS et al., Appellants. [42 NYS3d 261]—

In an action for the return of a down payment on a contract for the sale of real property, the defendants appeal from a judgment of the Supreme Court, Westchester County (Giacomo, J.), entered March 26, 2015, which, upon an order of the same court dated December 19, 2014, granting that branch of the plaintiff's motion which was for leave to renew his prior motion for summary judgment on the complaint, which had been denied in an order of the same court dated June 30, 2014, and, upon renewal, vacating the determination in the order dated June 30, 2014, and thereupon granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against them in the principal sum of $30,000.

Ordered that the judgment is reversed, on the law, with costs, upon renewal, the determination in the order dated June 30, 2014, denying the plaintiff's motion for summary judgment on the complaint, is adhered to, the order dated December 19, 2014, is modified accordingly, and upon searching the record, the defendants are awarded summary judgment dismissing the complaint and the complaint is dismissed.

By contract of sale dated September 3, 2013, the plaintiff (hereinafter the buyer) agreed to buy, and the defendant Reginald Thomas (hereinafter the seller) agreed to sell, a residential property located in New Rochelle. The defendant John A. Jasilli was identified as the attorney for the seller, and also as the escrowee, who was to hold the $30,000 down payment made by the buyer. The contract included a mortgage contingency clause which provided that the buyer must receive a written mortgage commitment in the amount of $625,950 by a specified commitment date, pursue the mortgage application with due diligence, and cooperate in good faith with the institutional lenders. The buyer and the seller never closed on the contract because the buyer was unable to obtain a mortgage

loan, which led to the present dispute regarding the buyer's right to a return of the $30,000 down payment.

The complaint contains a single cause of action, alleging that the buyer complied with the terms of the contract and, thus, was entitled to a return of the $30,000 down payment. The defendants' affirmative defenses included allegations that the buyer acted in bad faith by failing to disclose the true status of his loan application process and that he applied for mortgage loans in an amount in excess of that stated in the contract.

The buyer moved for summary judgment on the complaint. By order dated June 30, 2014, the Supreme Court denied the motion. The buyer then moved for leave to renew and submitted new evidence (see CPLR 2221 [e]), including additional correspondence between the parties. By order dated December 19, 2014, the court granted renewal and, upon renewal, granted the buyer's motion for summary judgment on the complaint, concluding, among other things, that there was "no evidence that [the buyer] acted in bad faith when he submitted his mortgage applications." Thereafter, the court entered a judgment in favor of the buyer and against the seller in the principal sum of $30,000.

Contrary to the defendants' contention, the Supreme Court properly granted that branch of the buyer's motion which was for leave to renew his prior motion for summary judgment on the complaint. A motion for leave to renew pursuant to CPLR 2221 (e) may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion, but "the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (*Jacobson v Adler*, 119 AD3d 902, 902 [2014]; *see Rivera v Queens Ballpark Co., LLC*, 134 AD3d 796, 797 [2015]; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 585-586 [2012]). Here, in seeking leave to renew, the buyer submitted correspondence between his attorney and Jasilli regarding his mortgage loan applications that was not offered on the prior motion. Under the particular circumstances of this case, including the narrow scope of the issues raised on the prior motion and the opposition thereto, the buyer set forth a reasonable justification for his failure to present the newly submitted evidence on the prior motion (see CPLR 2221 [e] [3]).

However, upon renewal, the Supreme Court erred in determining that the buyer had made a prima facie showing of entitlement to judgment as a matter of law. The correspondence submitted by the buyer on renewal demonstrated, among other things, that the seller agreed to the buyer's initial request to

extend the commitment date but refused to consider his request for a second extension of the commitment date until the buyer provided copies of his loan applications and declinations. Additionally, this new evidence demonstrated that when the buyer sought an extension of the commitment date, he did not advise the seller of the fact that he had already been rejected by more than one lender. Contrary to the buyer's contention, the evidence demonstrated that the buyer failed to comply with several provisions of the mortgage contingency clause in the contract (*see Dazzo v Kilcullen*, 127 AD3d 1126, 1128 [2015]; *Miloslavskaya v Gokhberg*, 126 AD3d 678 [2015]), and acted in bad faith in obtaining an extension of the commitment date by misleading the seller about the fact that multiple lenders rejected his mortgage loan applications based on his "delinquent credit obligations" and the lenders' inability to verify his income. All three of the buyer's successive mortgage loan applications indicate that he applied for a loan in an amount that exceeded the $625,950 amount set forth in the mortgage contingency clause. By applying for a mortgage in an amount greater than that stated in the contract, the buyer breached the contract, as a matter of law (*see HSM Real Estate, Inc. v Dragon*, 94 AD3d 702 [2012]; *Humbert v Allen*, 89 AD3d 804, 807 [2011]; *Post v Mengoni*, 198 AD2d 487 [1993]; *Silva v Celella*, 153 AD2d 847 [1989]; *cf. Marx v Shustek*, 226 AD2d 351, 352 [1996]; *Katz v Simon*, 216 AD2d 270 [1995]). Additionally, the buyer's own submissions demonstrated that he violated the contract by applying for "FHA" loans even though the mortgage contingency clause provides that the buyer shall apply for a mortgage loan other than an "FHA" mortgage loan. Furthermore, although the buyer knew as of October 15, 2013, that the first of his mortgage loan applications had been denied, he requested an extension of the commitment date the following day without revealing that a prior mortgage application to another lending institution had been rejected (*see Katz v Simon*, 216 AD2d at 271-272; *cf. 2 Old, LLC v Mayer*, 90 AD3d 911, 911 [2011]; *Maor v Seamon*, 79 AD3d 1105 [2010]). For these reasons, the buyer failed to make a prima facie showing of entitlement to judgment as a matter of law, and his motion for summary judgment on the complaint should have been denied, regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

This Court has the authority to search the record and award summary judgment to a nonmoving party with respect to issues that were the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Arista Real Estate Holdings, Inc. v*

*Kemalettin,* 133 AD3d 696 [2015]). Under the unique and compelling circumstances of this case, and given the wealth of evidence which supports judgment in favor of the defendants, we search the record and award summary judgment to the defendants dismissing the complaint (*see Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]; *Rubiano v Kelly,* 136 AD3d 780, 782 [2016]).

The buyer's remaining contention, that the instant appeal is frivolous, is without merit. Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.