New York Ctr. for Esthetic & Laser Dentistry v VSLP United LLC (2018 NY Slip Op 02010)





New York Ctr. for Esthetic & Laser Dentistry v VSLP United LLC


2018 NY Slip Op 02010


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


154374/12 6069A 6069

[*1] New York Center for Esthetic & Laser Dentistry, et al., Plaintiffs-Appellants,
v
VSLP United LLC, et al., Defendants-Respondents.


Morrison Tenenbaum PLLC, New York (Robert Kraselnik of counsel), for appellants.
The Law Firm of Hall & Hall, LLP, Staten Island (Thomas J. Hall of counsel), respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered June 23, 2016, which granted defendants' motion for summary judgment dismissing plaintiffs' complaint seeking the return of a $72,500 down payment on the subject real property, and ordered that defendants are entitled to judgment in the amount of $101,000, plus interest, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 14, 2016, which declined to sign plaintiff's order to show cause seeking to reargue the June 23, 2016 order, unanimously dismissed, as taken from a nonappealable paper.
Plaintiff's appeal from the July 14, 2016 order must be dismissed as no appeal lies from an order declining to sign an order to show cause (see Naval v American Arbitration Assn., 83 AD3d 423 [1st Dept 2011]; Nova v Jerome Cluster 3, LLC, 46 AD3d 292 [1st Dept 2007]). Nevertheless, as plaintiff did file a notice of appeal from the order entered June 23, 2016, and the substance of plaintiff's arguments relate to that order, this appeal is deemed to be an appeal from that order.
On the merits, the court properly determined that plaintiff had breached the contract for the purchase of certain real property by failing to seek a loan in the amount contemplated in the contingency clause of the contract. Instead plaintiff sought a loan in a greater amount, and having done so, breached the contract as a matter of law (see Rice v Buie, 259 AD2d 360 [1st Dept 1999]; Post v Mengoni, 198 AD2d 487 [2d Dept 1993]; Silva v Celella, 153 AD2d 847 [2d Dept 1989]). This is not a case where the transaction failed for reasons unrelated to plaintiff's loan application (cf. Gorgoglione v Gillenson, 47 AD3d 472, 474 [1st Dept 2008]; Katz v Simon, 216 AD2d 270 [2d Dept 1995]; Markovitz v Kachian, 28 AD3d 358 [1st Dept 2006]). Moreover, plaintiff never made a good faith effort to obtain the financing, as he never sought a loan in the amount contemplated in the contract.
Finally, in determining defendant's damages, the court properly held that such damages were the difference between the contract sale price and its fair market value at the time of the breach (see White v Farrell, 20 NY3d 487, 499 [2013]). The court also properly used the price at which the property sold less than two months after plaintiff's breach as the fair market value, as plaintiff has offered no evidence to demonstrate any other fair market value (see 12 Baker Hill [*2]Rd., Inc. v Miranti, 130 AD3d 1425, 1427 [3d Dept 2015]; Ryan v Corbett, 52 AD3d 1270, 1271 [4th Dept 2008]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK