Sapienza v Becker & Poliakoff (2019 NY Slip Op 05218)





Sapienza v Becker & Poliakoff


2019 NY Slip Op 05218


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9771 153922/17

[*1]Theresa Sapienza, etc., Plaintiff-Appellant,
v
Becker & Poliakoff, also known as Becker & Poliakoff, LLP, et al., Defendants-Respondents.


Law Offices of Mario Biaggi, Jr., New York (Mario Biaggi, Jr. of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (Andrew Jones of counsel), for respondents.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about April 5, 2018, which granted defendants' motion to dismiss the amended complaint, and denied plaintiff's cross motion for leave to file a second amended complaint, unanimously affirmed, without costs.
Plaintiff's fraud claim was properly dismissed, as plaintiff did not allege "actual pecuniary loss sustained" by plaintiff's decedent individually "as the direct result of" defendants' alleged fraud (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996] [internal quotation marks omitted]), with "the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). The alleged "lost opportunity" damages are too speculative to support a recovery, since a plaintiff cannot be compensated under a fraud cause of action "for what [he] might have gained" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017] [internal quotation marks omitted]).
The legal malpractice claim was also properly dismissed. Plaintiff did not allege "actual, ascertainable damages" incurred by plaintiff's decedent "as a result of an attorney's negligence" (Dempster v Liotti, 86 AD3d 169, 177 [1st Dept 2011]; see Humbert v Allen, 89 AD3d 804, 806 [2d Dept 2011]).
Plaintiff's cross motion for leave to amend the complaint was properly denied since the proposed amended complaint added only conclusory allegations that did not cure the failure to adequately plead damages sustained by plaintiff's decedent in his individual capacity that were proximately caused by defendants (see Heller v Louis Provenzano, Inc., 303 AD2d 20, 25 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK