Gladys Smith, Appellant,
against
Ryan Clough and Tahnee Clough, Respondents. 




Gladys Smith, appellant pro se.
Ryan Clough and Tahnee Clough, respondents pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered April 25, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000 based on defendants' alleged breach of a residential contract of sale. At a nonjury trial, plaintiff testified that she had contracted to sell her house to defendants for $573,000. Upon signing the contract, defendants made a $5,000 down payment toward the purchase, which payment was deposited into the escrow account of plaintiff's attorney. Plaintiff asserted that the mortgage contingency clause of the contract her attorney had sent to defendants' attorney had specified that defendant buyers would procure a "conventional," non-FHA-insured loan. Instead, defendants applied, and secured a commitment, for an FHA-insured loan. The loan commitment the bank gave, however, was for less than the amount specified in the mortgage contingency clause. Defendants accordingly requested a reduction in the purchase price, to which plaintiff did not agree, and the parties never closed on the sale of the house.
Defendants testified that, prior to signing the printed form contract, they had added and initialed provisions to the contract which, among other things, made the contract "subject to [*2]appraisal." They stated that, as a result of the appraisal, they had not been able to obtain a mortgage commitment in the sum specified in the contract. It was undisputed that, after plaintiff received the contract defendants had executed and before she signed it, plaintiff crossed out the provision defendants had included for an appraisal. 
Following the trial, the Civil Court dismissed the action, finding that the contract had violated the statute of frauds.
At the outset, we note that, in a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Since the statute of frauds was not raised as an issue by either party at the small claims trial or via a motion to dismiss the action, it was waived (see German v Amadio, 29 Misc 3d 141[A], 2010 NY Slip Op 52124[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; Farkas v Schwarzenberger, 11 Misc 3d 129[A], 2006 NY Slip Op 50296[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; see also CPLR 3211 [e]). Consequently, the dismissal of the action on the ground that the contract failed to satisfy the statute of frauds failed to render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807). As the court failed to pass upon the credibility of the witnesses or on the legal issues presented, including whether the transaction failed for reasons unrelated to defendants' application for an FHA-insured loan, rather than a non-FHA-insured loan, as was contemplated by the financing contingency clause in the contract of sale (see Gorgoglione v Gillenson, 47 AD3d 472, 474 [2008]; see also Katz v Simon, 216 AD2d 270 [1995]), a new trial is required.
We note that paragraph 23 of the printed form contract makes the seller's sole remedy, in the event of a default by the purchasers, to receive and retain the down payment as liquidated damages. Consequently, in the event that it is determined that defendants breached the contract, it must be ascertained whether, after the purchase failed to close, the $5,000 down payment was paid over to plaintiff or returned to defendants, or, alternatively, whether plaintiff's attorney continues to hold the down payment (see generally 55 NY Jur 2d, Escrows § 40 ["[i]n a dispute between a vendor and purchaser over escrow funds, the escrow agent is a proper party"]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 27, 2019