Plotkin v Republic-Franklin Ins. Co. (2019 NY Slip Op 08233)





Plotkin v Republic-Franklin Ins. Co.


2019 NY Slip Op 08233


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2016-04231
 (Index No. 3359/11)

[*1]Chaya Plotkin, respondent, 
v
Republic-Franklin Insurance Company, at al., appellants.


Lester Schwab Katz & Dwyer, LLP, New York, NY (Eric A. Portuguese, Aaron Brouk, and Daniel S. Kotler of counsel), for appellants.
Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY (Jonathan A. Dachs and Robert I. Gruber of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment against the defendants' insured, the defendants appeal from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated March 23, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment dismissing the first and fourteenth affirmative defenses in the defendants' answer.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment dismissing the first and fourteenth affirmative defenses in the defendants' answer are denied, and, upon searching the record, the defendants are awarded summary judgment dismissing the complaint.
The plaintiff was employed by American Pack Systems, Inc. (hereinafter APS), until her employment was terminated by its alleged owner, Israel Braun, on February 10, 2008. Thereafter, on February 17, 2008, and February 18, 2008, Braun allegedly sexually assaulted the plaintiff. At the time of the alleged acts, APS was insured under a business protection program policy issued by the defendant Republic-Franklin Insurance Company (hereinafter Republic-Franklin), with coverage of $1,000,000 per occurrence, and under a commercial liability umbrella policy issued by the defendant Utica Mutual Insurance Company (hereinafter Utica Mutual), with $5,000,000 in coverage, for the period September 29, 2007, through September 29, 2008.
By letter dated October 31, 2008, the plaintiff's counsel sent Braun a copy of a summons and complaint against him and APS based on the conduct allegedly perpetrated against the plaintiff. The plaintiff's counsel gave Braun an opportunity to seek to resolve the matter before the summons and complaint were filed and served.
In January 2009, the plaintiff commenced an action entitled Plotkin v Braun, under Index No. 2333/09, in the Supreme Court, Kings County (hereinafter the underlying action). The plaintiff asserted nine causes of action sounding in, inter alia, assault, battery, false imprisonment, and sexual misconduct against Braun, and negligent hiring, supervision, and training against APS. The plaintiff also alleged that APS was vicariously liable for Braun's actions.
On February 12, 2009, Utica National Insurance Group, which handled claims on behalf of Republic-Franklin and Utica Mutual (hereinafter together the insurers), received its first notice regarding the plaintiff's allegations against Braun and APS. On Friday, March 13, 2009, following an investigation, the insurers issued disclaimer letters, which were faxed to APS's counsel, and mailed to Braun's and the plaintiff's counsel, on Monday, March 16, 2009.
Thereafter, in December 2010, Braun and APS settled the underlying action with the plaintiff for $3,250,000. A judgment was entered on December 22, 2010.
By the filing of a summons and complaint on February 14, 2011, the plaintiff commenced this action against the insurers to recover the $3.25 million judgment. The insurers served an answer dated March 16, 2011, in which they asserted 14 affirmative defenses. By notice of motion dated May 14, 2012, the plaintiff moved for summary judgment dismissing nine of the affirmative defenses, including the first, which alleged that the complaint failed to state a cause of action, and the fourteenth, which alleged that there was no coverage based on the disclaimer.
In an order dated March 23, 2016, the Supreme Court, inter alia, granted the plaintiff's motion. The defendants appeal from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment dismissing the first and fourteenth affirmative defenses.
Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be given within a reasonable time in view of all of the facts and circumstances (see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743; Aspen Ins. UK Ltd. v Nieto, 137 AD3d 720, 720; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d 596, 597). "The insured's failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract'" (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d at 743, quoting Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339; see Sputnik Rest. Corp. v United Natl. Ins. Co., 62 AD3d 689, 689).
Here, the plaintiff contends that notice was timely given to the insurers after APS received the summons and complaint on January 29, 2009, and that Braun's knowledge of the pre-action claim letter could not be imputed to APS under the circumstances. We disagree.
"A principal is bound by notice to or knowledge of his or her agent in all matters within the scope of the agency, notwithstanding the fact that such information is never actually communicated to the principal" (Smalls v Reliable Auto Serv., 205 AD2d 523, 524; see Center v Hampton Affiliates, 66 NY2d 782, 784; Christopher S. v Douglaston Club, 275 AD2d 768, 769). The principal is bound by knowledge acquired by an agent acting within the scope of his or her agency even if the agent "acts less than admirably, exhibits poor business judgment, or commits fraud" (Kirschner v KPMG LLP, 15 NY3d 446, 465). After all, "since corporations, which are legal fictions, can operate only through their designated agents and employees, the acts of the latter are, in a sense, the acts of the corporation as well" (People v Byrne, 77 NY2d 460, 465 [citation omitted]).
An exception to the rule of imputed knowledge—often referred to as the "adverse interest" exception—"occurs when the agent has abandoned his or her principal's interests and is acting entirely for his or her own or another's purposes" (Christopher S. v Douglaston Club, 275 AD2d at 770; see Kirschner v KPMG LLP, 15 NY3d at 466; Center v Hampton Affiliates, 66 NY2d at 784; Restatement [Third] of Agency § 5.04). In such circumstances, an agent's knowledge will not be imputed to the principal (see People v Kirkup, 4 NY2d 209, 213-214). To come within the adverse interest exception, "the agent must have totally abandoned his principal's interests and be acting entirely for his own or another's purposes. It cannot be invoked merely because he [or she] has a conflict of interest or because he [or she] is not acting primarily for his [or her] principal" (Center v Hampton Affiliates, 66 NY2d at 784-785; see Kirschner v KPMG LLP, 15 NY3d at 466). This "most narrow of exceptions" is reserved for those cases "where the fraud is committed against a corporation rather than on its behalf" (Kirschner v KPMG LLP, 15 NY3d at 466-467 [emphasis [*2]omitted]).
Contrary to the plaintiff's contention, Braun's receipt of the October 31, 2008, letter with the summons and complaint was within the scope of his employment as an officer of APS, and, as an insured under the policies, he had a duty to notify the insurers of the claim (see QBE Ins. Corp. v D. Gangi Contr. Corp., 66 AD3d 593, 594; Bauer v Whispering Hills Assoc., 210 AD2d 569, 571). Moreover, given that the plaintiff, and not APS, was the victim of Braun's conduct, there is no adversity to negate the imputation of Braun's knowledge to the corporation (see Center v Hampton Affiliates, 66 NY2d at 785; Stokoe v Marcum & Kliegman LLP, 135 AD3d 645, 645).
Since APS had knowledge of the claim against it as of October 31, 2008, but did not give notice to the insurers until February 12, 2009, it failed to provide notice as soon as practicable, in violation of the policy conditions (see Rockland Exposition, Inc. v Marshall & Sterling Enters., Inc., 138 AD3d 1095, 1098-1099; Only Natural, Inc. v Realm Natl. Ins. Co., 37 AD3d 436, 439).
Notwithstanding the foregoing, "[p]ursuant to Insurance Law § 3420(d), an insurance carrier is required to provide the insured with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion and will be estopped from disclaiming liability or denying coverage if it fails to do so" (Halloway v State Farm Ins. Cos., 23 AD3d 617, 618 [internal quotation marks omitted]). An untimely disclaimer is ineffective even if the insureds failed to give timely notice of the claim (see Tully Constr. Co., Inc. v TIG Ins. Co., 43 AD3d 1150, 1152; Matter of Allstate Ins. Co. v Cruz, 30 AD3d 511, 512; Wasserheit v New York Cent. Mut. Fire Ins. Co., 271 AD2d 439, 440).
"An insurer's delay is measured from the point at which it has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage'" (Stout v 1 E. 66th St. Corp., 90 AD3d 898, 901, quoting First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 70). Moreover, "[a]n insurer's explanation [for the delay in disclaiming] will be insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay'" (Stout v 1 E. 66th St. Corp., 90 AD3d at 902, quoting First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d at 69). "Similarly, even where the basis is not apparent, an explanation will be inadequate as a matter of law unless the delay is excused by the insurer's showing that its delay was reasonably related to its completion of a thorough and diligent investigation into issues affecting its decision whether to disclaim coverage'" (Stout v 1 E. 66th St. Corp., 90 AD3d at 902, quoting Magistro v Buttered Bagel, Inc., 79 AD3d 822, 824-825; see Tully Constr. Co., Inc. v TIG Ins. Co., 43 AD3d at 1152). "[W]hat is most important is not the precise length of [the insurer's] delay, but its explanation for that delay" (Stout v 1 E. 66th St. Corp., 90 AD3d at 902).
Here, the insurers timely disclaimed coverage following a thorough and diligent investigation. Contrary to the plaintiff's contention, the insurers did not have all the information they needed to disclaim coverage on February 12, 2009, and they properly commenced an investigation to determine the specifics surrounding the incident and to verify when APS first acquired knowledge of the claim (see Hermitage Ins. Co. v Arm-ing, Inc., 46 AD3d 620, 621; Halloway v State Farm Ins. Cos., 23 AD3d at 618). Issuance of the disclaimers 29 days after the insurers' receipt of notice was therefore reasonable as a matter of law under the circumstances.
Accordingly, we disagree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment dismissing the first and fourteenth affirmative defenses. Furthermore, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to issues that were the subject of the motion before the Supreme Court (see CPLR 3212[b]; Kweku v Thomas, 144 AD3d 1109, 1111-1112). Under the unique and compelling circumstances of this case, and given the wealth of evidence which supports judgment in favor of the insurers, we search the record and award summary judgment to them dismissing the complaint (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111; Kweku v Thomas, 144 AD3d at 1112; Rubiano v Kelly, 136 AD3d 780, 782).
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court